UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,                        Crim. No. 18-140 (DSD/BRT)

            Plaintiff,

v.

Albert White (1),                                  **ORDER**

            Defendant.

---

Jeffrey S. Paulsen, Esq., United States Attorney's Office, counsel for Plaintiff.

Brian N. Toder, Esq., Chestnut Cambronne, PA, counsel for Defendant White.

---

       This action is before the Court on Defendant White's pretrial motions. Based on the file and documents contained herein, along with the memoranda from counsel, the Court makes the following Order:

       **1.**      **Defendant's Motion for Discovery.** Defendant seeks an order pursuant to Fed. R. Crim. P. 16 requiring the Government to disclose various documents, items, lists, evidence, and information. The Government does not oppose the motion to the extent it is consistent with Rule 16, but does object to the extent the requests exceed the dictates of Rule 16. Defendant's Motion for Discovery **(Doc. No. 22)** is **GRANTED IN PART** to the extent that it conforms to the scope of Rule 16, and the Government should continue to disclose evidence as required by the rules and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and as subsequently delineated in the case law, including limitations upon the Government's obligation. The motion is otherwise **DENIED**. For example, the motion is

**DENIED** to the extent that the Jencks Act protects disclosure. The Government is not required to make immediate disclosure of any informant. However, the Government shall make any informant disclosures to the extent such disclosures are required pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case law. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Expert witness information shall be disclosed at least **thirty days** prior to trial. Rebuttal witness information shall be disclosed at least **fourteen days** prior to trial. The Government shall disclose evidence encompassed by Rule 404(b) as soon as practicable after the Government has determined to use such evidence, but no less than **fourteen days** before trial, and in accordance with all rules and statutes.

2. **Defendant's Motion for Early Compliance with Jencks Act.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at least two weeks before trial. The Government objects to this motion but agrees to provide any Jencks Act materials no later than three business days before trial, to the extent such information has not yet been provided. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Compliance with Jencks Act **(Doc. No. 23)** is **DENIED**. Nothing in this Order, however, precludes

the Government from voluntarily disclosing Jenks Act material as it has represented that it already has and would.

3. **Defendant's Motion for Early Disclosure of Government Witnesses.** Defendant requests the Government provide early disclosure of the identity of its trial witnesses, specifically, 30 days prior to trial. The Government objects to this motion except to its agreement to provide Jencks Act materials no less than three days prior to trial. Federal Rule of Criminal Procedure 16 does not require such disclosure of witness identifications. *Arcoren v. United States*, 929 F. 2d 1235, 1242 (8th Cir. 1991), *cert. denied*, 502 U.S. 913 (1991). Therefore, Defendant's Motion for Early Disclosure of Government Witnesses **(Doc. No. 24)**, is **DENIED**. Trial witness disclosures shall be made in accordance with the District Court's pretrial order.

4. **Defendant's Motion for Preservation of Rough Notes.** Defendant moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government has no objection to this motion to the extent the rough notes still exist. Defendant's Motion for Preservation of Rough Notes **(Doc. No. 25)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

5. **Defendant's Motion for Disclosure of Exculpatory Evidence.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government agrees to provide any exculpatory or impeaching information to the extent required by *Brady* and *Giglio* and related cases. Defendant's Motion for Disclosure of Exculpatory

Evidence **(Doc. No. 26)** is **GRANTED** to the extent required by *Brady* and *Giglio*. To the extent that the motion seeks early disclosure of Jencks Act material, the motion is **DENIED**, but nothing precludes the Government from making Jencks Act material available to Defendant prior to trial as it has represented that it already has and would. The Government is not required to make immediate disclosure of any informant. However, the Government shall make any informant disclosures to the extent such disclosures are required pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case law.

6. **Defendant's Motion for Preservation of Tangible Evidence.** Defendant moves for an order requiring attorneys for the United States and any government investigative agents to preserve all evidence, memoranda, or other recordings of facts and other information gathered during the investigation into this case. The Government has no objection to this motion. Defendant's Motion for Preservation of Tangible Evidence **(Doc. No. 27)** is **GRANTED**.

7. **Defendant's Motion for Early Notice of Rule 404(b) Evidence.** Defendant moves for early disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b), specifically requesting such disclosure 30 days prior to trial. The Government agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than two weeks prior to trial. Defendant's Motion for Early Notice of Rule 404(b) Evidence **(Doc. No. 29)** is **GRANTED IN PART** to the extent that the Government must disclose Rule 404(b) evidence no later than **fourteen days** prior to trial.

**8.** All voir voir dire, jury instructions, and trial related motions must be submitted to Senior District Judge David S. Doty on or before **September 17, 2018**. This case is now scheduled for trial on **October 1, 2018**, at 9:00 a.m. in Courtroom 14W, Minneapolis, before Judge David S. Doty.

Date: September 5, 2018

                                                       *s/ Becky R. Thorson*
                                                      BECKY R. THORSON
                                                      United States Magistrate Judge